UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONNA GARBACCIO, et al., | : | Civil Action No. 16-2740 (JMV) |
| Plaintiffs, | : | |
| v. | : | REPORT & RECOMMENDATION |
| ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER AND SUBSIDIARIES, et al., | : | |
| Defendants. | : | |

**CLARK, Magistrate Judge**

This matter has been opened to the Court by: (1) motion of Plaintiff Donna Garbaccio, through her counsel Cohen Milstein Sellers & Toll, LLC ("Cohen Milstein") and Keller Rohrback, L.L.P. ("Keller Rohrback") (hereinafter collectively referred to as "Garbaccio's Counsel"), to appoint interim lead plaintiff and interim lead co-counsel [Docket Entry No. 64] and (2) motion of Plaintiffs Mary Lynne Barker, Anne Marie Dalio and Dorothy Flar, through their counsel Kessler Topaz Meltzer & Check, LLP ("KTMC") (hereinafter collectively referred to as "Barker's Counsel"), to appoint interim co-lead counsel. The Court has not yet certified this action as a class action. Both motions are opposed by the respective Plaintiffs, and unopposed by Defendants St. Joseph's Hospital and Medical Center and Subsidiaries and St. Joseph's Healthcare System, Inc. The Court considers each motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth more fully below, the Court recommends that Plaintiff Donna Garbaccio's motion be DENIED in part and GRANTED in part. The Court further recommends that Plaintiff Mary Lynne Barker, Anne Marie Dalio and Dorothy Flar's motion be DENIED.

1

## BACKGROUND

Plaintiffs are participants in St. Joseph's Hospital and Medical Center Pension Plan (the "Plan"). Plaintiffs have brought these now consolidated actions against Defendants alleging that the Plan is severely underfunded pursuant to ERISA. The main point of contention between the parties is whether ERISA applies to the Plan. Defendants contend that they are not subject to ERISA because the plan qualifies as a "church plan," and is therefore exempt. Plaintiffs disagree, arguing that the Plan is not a "church plan" and therefore subject to ERISA.

On May 13, 2016, Plaintiff Garbaccio filed her complaint seeking a declaratory judgment that the Plan is not a "church plan" and damages resulting therefrom. Just a few days later, Plaintiffs Barker, Dalio, and Flar filed their complaint seeking similar relief. On July 12, 2016, the Court consolidated both actions on the consent of both parties. [Docket Entry No. 45]. Now before the Court is the parties competing motions to appoint interim lead counsel, and Plaintiff Garbaccio's motion to appoint an interim lead plaintiff.

## LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *Yaeger v. Subaru of America, Inc.*, No 15-864, 2014 U.S. Dist. LEXIS 182090, at * 1 (D.N.J.

Oct. 8, 2014) (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y.2006)); *Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008) (finding that courts choosing interim class counsel can apply the same factors that apply in choosing class counsel at the time of certification of the class, i.e., the standards set forth in Rule 23(g)(1)).

The selection of interim lead counsel is "committed to the court's discretion." *See Dutton v. Harris Stratex Networks, Inc.*, Civ. No. 08-755, 2009 U.S. Dist. LEXIS 48455, at *1 (D. Del. June 5, 2009). The factors to be considered are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *Yaeger*, 2014 U.S. Dist. LEXIS 182090, 2014 WL 7883689, at *2 (citing *Durso v. Samsung Elecs. Am., Inc.*, 2013 WL 4084640, at *3 (D.N.J. Aug. 7, 2013), Fed. R. Civ. P. 23(g)(1)(A)). The Court must decide which candidate is best qualified, holding dispositive no single factor. Fed. R. Civ. P. 23(g)(2)(B). The Court also has the discretion to appoint more than one firm to act as co-lead counsel. *See, e.g., In re Air Cargo Shipping*, 240 F.R.D. at 58-59 (appointing four law firms as co-lead counsel); *Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D.Mich.2006) (appointing two law firms as interim co-lead counsel).

In addition to the mandatory factors enumerated in Rule 23(g)(1)(A), "the Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class and may, if it deems it necessary, direct the proposed class counsel to provide information on any subject pertinent to the appointment." *In re Terazosin*

3

*Hydrochloride*, 220 F.R.D. 672, 701-02 (S.D. Fla. 2006); *see* Fed. R. Civ. P. 23(g)(1)(C) (ii)-(iii); Report: Third Circuit Task Force on Selection of Class Counsel, 208 F.R.D. 340, 419-20 (3d Cir. 2002) (citing additional considerations regarding counsel's motivation, experience, and understanding of case and lead plaintiff's economic stake in litigation).

The Manual for Complex Litigation provides further guidance concerning the propriety of interim class counsel appointment prior to class certification. The Manual states, in part, that:

> If the lawyer who filed the suit is to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interm counsel clarifies responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

Manual for Complex Litigation (4th) § 21.11 at *1 (Federal Judicial Center 2004). "[T]hose cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (CD. Cal. 2006) (collecting cases).

## DISCUSSION

**I.   APPOINTMENT OF PLAINTIFF GARBACCIO AS INTERIM LEAD PLAINTIFF**

The appointment of interim lead counsel without the appointment of interim lead plaintiff is appropriate in pending ERISA class actions when plaintiffs are "individual plan participants-not active, experienced institutional litigants." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 273 (S.D.N.Y. 2009). The named plaintiffs here are plan participants, not active, experienced litigants. Neither party has proffered any benefit to

4

appointing an interim lead plaintiff. Accordingly, the Court declines to recommend the appointment of an interim lead plaintiff at this time.

## II. APPOINTMENT OF INTERIM LEAD CO-COUNSEL

The Court is now tasked with deciding competing motions from Garbaccio's Counsel and Barker's Counsel to appoint interim lead co-counsel. As discussed more thoroughly below, an analysis of the Rule 23(g) factors weighs in favor of appointing Garbaccio's Counsel as interim lead counsel.

1. *Work counsel has done in identifying or investigating potential claims.*

While both sets of counsel appear to have conducted significant effort to identify and investigate potential claims, this factor weighs in favor of Garbaccio's Counsel. Garbaccio's Counsel has spent years researching the legislative history of the "church plan" exemption and were involved in "the first wave of these 'Church Plan' cases" that they filed "from 2013 through 2014"—well before Barker's Counsel began litigating similar matters. [*See* Dkt. Entry 66-2]. Moreover, Garbaccio's Complaint pleads additional theories of relief providing a more comprehensive protection for plaintiffs and the class. Garbaccio's Complaint argues that application of the Church Plan exemption would violate the First Amendment's Establishment Clause. It further argues, in the alternative, that that the plan is not a "church plan" pursuant to ERISA § 3(33)(B)(ii).

2. *Experience in church plan litigation and knowledge of the applicable law.*

Though both sets of counsel have significant experience in "church plan litigation", the Court finds that Garbaccio's Counsel are the more experienced firms. Garbaccio's counsel has been litigating "church plan" matters since 2013—filing nine church plan exemption cases

between 2013 and 2014.   In these nine cases, Garbaccio's counsel have briefed motions to dismiss and for summary judgment.   They have also briefed the statutory and constitutional issues in five appellate courts and have argued them in three appellate courts.   As a result, Garbaccio's Counsel are now actively involved in the consolidated church-plan ERISA cases pending before the Supreme Court, giving them a more intimate knowledge of the applicable law.   Once these cases are ruled on by the Supreme Court, Garbaccio's counsel will be in the best position to move these actions forward.

3. *The Resources Counsel Will Commit*

Based on the briefs submitted, the Court is confident that either set of counsel would be able to devote the necessary resources required by these actions.   As such, the Court does not find that this factor favors either counsel.

With three out of the four factors weighing in favor of Garbaccio's Counsel, the Court recommends the appointment of Garbaccio's Counsel as interim lead co-counsel.

6

**CONCLUSION**

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the factors under Rule 23;

IT IS on this 13th day of March, 2017,

RECOMMENDED that no interim lead plaintiff be appointed at this time; and it is further

RECOMMENDED that the law firms of Cohen Milstein Sellers & Toll, LLC and Keller Rohrback, L.L.P. be appointed interim lead co-counsel; and it is further

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED. R. CIV. P. 72(b)(2).

        s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**