# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| ARLENE HODGES, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-16-1079 |
| BON SECOURS HEALTH SYSTEM, INC., et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER AND FINAL JUDGMENT

This litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the seven defined benefit pension plans listed on Schedule A[1] of the Class Action Settlement Agreement (the "Plans").[2]

The Court previously entered an Order Preliminarily Approving the Class Action Settlement Agreement ("Preliminary Approval Order," ECF No. 107) dated July 10, 2017, preliminarily approving the Settlement, certifying the putative class in this action for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a Fairness Hearing for November 28, 2017, at 4:00 p.m., and providing those persons with an opportunity to object to the proposed settlement.

---

[1] Schedule A to the Settlement Agreement is located at ECF No. 90-3. The Plans on Schedule A are also listed below in this Order.

[2] This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully here.

1

This Court held a Fairness Hearing on November 28, 2017, at 4:00 p.m., to determine whether to give final approval to the proposed settlement.

Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement (ECF No. 112-2), all papers filed and proceedings held herein, and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all members of the Settlement Class.

2. On July 10, 2017, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1) and/or (2), and 23(e), the Court preliminarily certified the following Settlement Class:

   > All participants (whether vested or non-vested) in or beneficiaries of any of the following Plans on or before the Effective Date of Settlement:
   >
   > Bon Secours Health System, Inc. Frozen Pension Plan
   > Bon Secours Kentucky Health System, Inc. Pension Plan
   > Bon Secours New York Health System Pension Plan
   > Employees' Retirement Plan of Bon Secours Baltimore Health Corporation
   > Employees' Retirement Plan of Bon Secours-St. Mary's Hospital
   > Memorial Regional Medical Center Pension Plan
   > Retirement Plan of Bon Secours-Hampton Roads

3. The Court finds that the Settlement Class meets all requirements of Federal Rule of Civil Procedure 23(a) for certification of the class claims alleged in the operative Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the Class Representatives and Class Counsel.

4. Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (a) inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; and (b) adjudications with respect to individual Settlement Class

members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5. Furthermore, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole. The Settlement Class is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) and (b)(2).

6. Pursuant to Federal Rule of Civil Procedure 23(a) the Court finds that Plaintiffs Arlene Hodges, Carolyn Miller, and Gary Brown are members of the Settlement Class, their claims are typical of those of the Settlement Class and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Arlene Hodges, Carolyn Miller and Gary Brown as Class Representatives.

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel has fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Cohen Milstein Sellers & Toll, PLLC as Class Counsel to represent the members of the Settlement Class.

8. The appointment of Class Counsel and the appointment of Plaintiffs as Class Representatives are fully and finally confirmed.

9. Class Counsel is hereby AWARDED attorneys' fees pursuant to Federal Rule of Civil Procedure 23(h), in the amount of **$3,434,820.29**, which the Court finds to be fair and reasonable, and **$35,179.71** in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. Defendants shall pay such amount to Class Counsel pursuant to the timing requirements set forth in the Settlement Agreement.

10. Class Counsel has moved for a $10,000 Incentive Award for each of the Named Plaintiffs, Arlene Hodges, Carolyn Miller, and Gary Brown (collectively "Named Plaintiffs"). The Court hereby GRANTS Class Counsel's motion for an award of Incentive Awards in the amount of **$10,000** for each of the Named Plaintiffs. Defendants shall pay such amount to Class Counsel in accordance with the terms of the Settlement Agreement.[3]

11. The Court directed that Class Notice be given pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program: (a) On or about September 11, 2017, Class Counsel posted the Settlement Agreement and Class Notice on a Settlement website; and (b) On or about September 8, 2017, Bon Secours Health System, Inc. ("BSHSI") caused to be mailed approximately 27,940 copies of the Notice of Class Action Settlement to members of the Settlement Class.

12. The Class Notice and the internet publication of Class Notice (collectively, the "Class Notices") advised members of the Settlement Class of the: (a) terms of the Settlement; (b) Final Fairness Hearing and the right to appear at such Final Fairness Hearing; (c) inability to opt out of the Settlement Class; (d) right to object to the Settlement, including the right

---

[3] Pursuant to the parties' agreement, the award of attorneys' fees, expenses, and Incentive Awards combine for a total award of $3,500,000.

4

to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses, or the incentive awards to Arlene Hodges, Carolyn Miller, and Gary Brown as Class Representatives; (e) the procedures for exercising the foregoing rights; and (f) the binding effect of this Judgment, whether favorable or unfavorable, on the Settlement Class, including the scope of the Released Claims described in the Settlement Agreement.

13. The Class Notices met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution, 28 U.S.C. § 1715, and any other applicable law. The Court further finds that Notice in the form approved by the Court complied fully with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best practicable notice under the circumstances. The Court further finds that Defendants complied fully with the provisions of CAFA. The Court further finds that the form of Class Notice was concise, clear, and in plain, easily understood language, and was reasonably calculated under the circumstances to apprise of: (a) the pendency of the Action; (b) the claims, issues and defenses of the Settlement Class; (c) the definition of the certified Settlement Class; (d) the right to object to the proposed Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses, or the incentive awards to Arlene Hodges, Carolyn Miller, and Gary Brown as Class Representatives; (e) the right to appear at the Final Fairness Hearing, through counsel if desired; and (f) the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in the Settlement Agreement.

14. The Court finds after a hearing and based upon all submissions of the Parties and interested persons that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

   (a) The Settlement provides for significant monetary contributions to the Plans, as well as Plan administrative provisions which will enhance the retirement security of the members of the Settlement Class.

   (b) The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third party mediator, Mr. Robert Meyer, Esq. The Settlement is not the result of collusion.

   (c) Those negotiations were preceded by robust motion practice, including Plaintiffs' motion to obtain the plan documents prior to discovery and Defendants' motion to dismiss Plaintiffs' Consolidated Amended Complaint. The Parties prepared confidential mediation statements and exchanged multiple proposals and counter-proposals concerning the Settlement. The absence of formal discovery in this case in no way undermines the integrity of the Settlement given the extensive investigation that has occurred as a result of proceedings thus far.

   (d) Those proceedings gave Class Counsel the opportunity to adequately assess this case's strengths and weaknesses and thus to structure the Settlement in a way that

adequately accounts for those strengths and weaknesses. Class Counsel was cognizant that there was no guarantee of success in this case.

(e) Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiffs' claims and allegations against them and raised various factual and legal arguments in support of their vigorous defenses in this Action.

15. All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in Section 3 of the Settlement.

16. The Settlement, this Judgment, and/or the fact of the Settlement do not constitute any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by a Party of any fact, matter, or position of law; all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

17. The Court hereby dismisses with prejudice the Action, Complaint and all Released Claims identified in Section 3 of the Settlement against each and all Releasees and without costs to any of the Parties as against the others.

18. "Releasees" shall mean each of the Defendants (together with all entities that are considered to be a single employer with any Defendant under Internal Revenue Code § 414), the Plans, any Person who serves or served as a trustee, investment manager, service provider, recordkeeper, or named or functional fiduciary (including de facto fiduciaries) of any Plan, together with, for each of the foregoing, their counsel and any Person that controls, is controlled by, or is under common control with any of the foregoing, including, without limitation, every person who was a director, officer, governor, management committee member, in-house counsel, employee, or agent of Defendants, and any and all present or former representatives, insurers, reinsurers, consultants, attorneys, administrators, employee benefit plans, investment advisors, investment underwriters, and spouses.

19. "Released Claims" shall mean any and all claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses, and costs arising out of the allegations of the Complaint by any member of the Settlement Class, except that Released Claims shall not include the release of any of the following: (a) Any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement; (b) Individual claims for benefits pursuant to the Plans' documents that do not arise out of the allegations of the Complaint; (c) Unless such claim arises out of or is related to the subject matter of the Complaint, claims related to any other plan that is merged, adopted or consolidated into the Plans after the Effective Date of Settlement, if such claim pertains to the time before such merger, adoption or consolidation; and (d) With respect to any Plan, any claim arising under ERISA with respect to any event occurring after the Internal Revenue Service issues a written ruling

that the Plan does not qualify as a Church Plan; the Plan sponsor elects for the Plan to be covered by ERISA; a court of law issues a definitive ruling that the Plan is not a Church Plan; the Roman Catholic Church disassociates itself from the Plan sponsor; or an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the Church Plan exemption.

20. It is further ordered that upon the Effective Date of Settlement, Named Plaintiffs on behalf of themselves and on behalf of the Settlement Class absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that Plaintiffs or the Settlement Class have. The Settlement Class covenants and agrees: (a) not to file against any of the Releasees any claim based on, related to, or arising from any Released Claim; and (b) that the forgoing covenants and agreements shall be a complete defense to any such claim against any Releasee.

21. It is further ordered that upon the Effective Date of Settlement, Defendants absolutely and unconditionally release and forever discharge the Named Plaintiffs, the Settlement Class and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

22. It is further ordered that the condition precedent at Section 2.6 of the Settlement Agreement—which requires, in pertinent part, that the "United States of America shall have been dismissed with prejudice as a party to the Consolidated Action" before the Settlement Agreement is effective—is moot because the United States of America did not intervene and therefore is not a party to this Consolidated Action. (*See* ECF Nos. 43, 45.)

23. The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

24. The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

SO ORDERED this 21st day of December, 2017.

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge