## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA GARBACCIO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER AND SUBSIDIARIES, et al.,<br><br>Defendants. | )<br>)<br>)<br>) Civil Action No.: No. 2:16-cv-02740 (JMV/JBC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF KELLY KRATZ
### REGARDING NOTICE AND SETTLEMENT ADMINISTRATIVE ACTIVITIES
### COMPLETED AS OF JANUARY 10, 2018

I, Kelly Kratz, being duly sworn and deposed, say:

1. I am a Principal at Dahl Administration, LLC ("Dahl"), a nationally-recognized firm that provides notice and claims administration services for class actions involving product liability, insurance, fraud, property, employment and discrimination. I have experience in all areas of settlement administration including notification, claims processing and distribution.

2. Dahl is the Settlement Administrator for the above-captioned action and is responsible for carrying out the terms of the *Class Action Settlement Agreement* ("Settlement Agreement") as ordered by the Court in its *Order Preliminarily Approving the Settlement, Certifying the Class, Approving Notice to the Class, and Scheduling Final Approval Hearing* filed October 5, 2017. I am responsible for supervising the services provided by Dahl with respect to this settlement. I have personal knowledge of the facts stated herein.

3. I submit this Affidavit to inform the parties and the Court of settlement administration activities completed to date. This Affidavit describes: (i) mailing of the Class Action Settlement Notice ("Notice Packet") to identified Class Members, (ii) receipt, tracing and re-

1

mailing of undeliverable Notice Packets, (iii) receipt of Objections and (iv) settlement administration fees.

## DISSEMINATION OF NOTICE

4. In accordance with the Settlement, Defendant provided Dahl with an Excel file of 10,813 records. Dahl reviewed this file and removed thirteen (13) records identified as duplicates. Dahl also removed two (2) records for which no address was provided. The Final Class Member mailing list contained 10,798 unique individual records ("Class List") which included each class member's name and last known address.

5. In order to obtain the most current mailing address for Class Members, Dahl processed the Class List addresses through the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS"). This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS.

6. On November 3, 2017 the Notice Packet was mailed via USPS first class mail to 10,798 Class Members, with an objection deadline of February 6, 2018. A copy of the Notice Packet is attached hereto as Exhibit A.

## UNDELIVERABLE NOTICES AND NOTICE REQUESTS

7. As of January 10, 2018, of the 10,798 Notices mailed, three hundred forty-two (342) Notice Packets were returned as undeliverable and sent to a professional address search firm for tracing. An updated address was received for one hundred sixty-eight (168) Class Members and Notice Packets were re-mailed to the updated address. Updated addresses could not be found for one hundred seventy-four (174) Class Members and therefore a Notice Packet could not be re-mailed. Of the one hundred sixty-eight (168) Notice Packets re-mailed to a traced address, thirty-three (33) Notice Packets were subsequently returned as undeliverable.

2

8.  As of January 10, 2018, five (5) Notice Packets were returned as undeliverable with a forwarding address and were subsequently re-mailed to the forwarding address.

## RECEIPT OF OBJECTIONS FROM CLASS MEMBERS

9.  As of January 10, 2018, Dahl has not received any objections from Class Members to the Settlement.

## SETTLEMENT ADMINISTRATION FEES

10.  Dahl's estimated fees and expenses for this settlement are $11,099.00. This covers all settlement administration services performed to date and settlement administration activities remaining.

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge. Executed this 17th day of January, 2018, in Minneapolis, Minnesota.

_____
Kelly Kratz
Principal
Dahl Administration, LLC

Sworn to and Subscribed before me this 17th day of January, 2018.

_____
Notary Public

JOANNA ARTIG
Notary Public
State of Minnesota
My Commission Expires
January 31, 2019

3

# EXHIBIT A

Garbaccio v. St. Joseph's Settlement Administrator
C/O Dahl Administration
P.O. Box 3614
Minneapolis MN 55403-0614


*BARCODE*

Unique ID: DAHL ID

MAILING NAME
MAILING ADDRESS
CITY STATE ZIP CODE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA GARBACCIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ST. JOSEPH'S HOSPITAL AND MEDICAL CENTER AND SUBSIDIARIES, *et al.*,<br><br>Defendants. | Civil Action<br><br>No. 2:16-cv-02740(JMV)(JBC)<br><br>Honorable John Michael Vazquez<br>United States District Judge<br><br>Honorable James B. Clark<br>United States Magistrate Judge<br><br>CLASS ACTION |

### NOTICE OF PROPOSED SETTLEMENT OF ERISA CLASS ACTION LITIGATION, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This notice ("Notice") advises you of the Class Action Settlement Agreement (the "Settlement") of the class action lawsuit, *Garbaccio v. St. Joseph's Healthcare System, Inc.*, which is a consolidation of two lawsuits (the second lawsuit was captioned *Barker v. St. Joseph's Healthcare System, Inc.*, No. 2:16-cv-02748 [D.N.J.], and was terminated by the Court after consolidation with the *Garbaccio* case) (collectively, the "Lawsuit"). In this Lawsuit, the Plaintiff alleges that the Defendants did not comply with certain provisions of the Employee Retirement Income Security Act ("ERISA") with respect to the St. Joseph's Healthcare System Pension Plan (the "Plan"). You are receiving this Notice because you may be a past or present participant, or a beneficiary of a participant, in that Plan.

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION.
### YOU HAVE NOT BEEN SUED.

As described in more detail below, the case concerns allegations that the Defendants incorrectly operated the Plan as an ERISA-exempt "Church Plan" and, in so doing, failed to comply with certain requirements of ERISA.

1

Questions? Visit http://www.cohenmilstein.com/saintjosephs-settlement or http://kellersettlements.com.
**DO NOT CALL THE COURT as they cannot answer your questions.**

Defendants maintain that the plan has been properly operated as a Church Plan exempt from coverage under ERISA, and therefore, deny all allegations of wrongdoing.

The Settlement provides a cash contribution of $42.5 million (forty-two million, five hundred thousand dollars) to the Plan, as well as a corporate guarantee of accrued benefits under the Plan for a period of seven years, to settle the claims against Defendants. Defendants already have contributed $45 million to the Plan, fully satisfying the Settlement's Plan contribution requirement, as well as voluntarily providing an additional contribution of $2.5 million. Because the Plan is a defined benefit pension plan and not a defined contribution plan with individual accounts, like a 403(b) plan or 401(k) plan, ***the cash amount has been contributed to the Plan as a whole, rather than to individual Plan participants and beneficiaries***. **Your pension benefit will not increase as a result of the Settlement.** Additionally, the Settlement provides significant non-monetary equitable consideration, in that current participants in the Plan will receive certain ERISA-like financial and administrative protections for the next seven years. The Effective Date of the Settlement is sixty (60) days after the Court enters its Final Order approving the Settlement and the time to appeal has expired.

**The Settlement resolves all claims against Defendants and applies to all past and present, vested and non-vested, participants in the Plan and their beneficiaries.**

The Court in charge of the case still has to decide whether to approve the Settlement. The payments and other settlement terms described above will be made only if the Court approves the Settlement and that approval is upheld if there are any appeals. This process is explained in greater detail below.

**Your legal rights are affected if you are a member of the Settlement Class whether or not you act. "Settlement Class" means:** All present and former participants (vested or non-vested) or beneficiaries of the Plan as of the Effective Date of Settlement.

**Identification of Key Terms:** This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, is available at http://www.cohenmilstein.com/st-josephs-settlement.

**Reasons for the Settlement:** The Settlement resolves all claims in the lawsuit against the Defendants regarding the Plan. The Settlement is not, and should not be construed as, an admission of any fault, liability, or wrongdoing whatsoever by any of the Defendants, who continue to deny any and all of the allegations of the Complaint. The Plaintiff and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Plaintiff and Class Counsel believe that the Settlement provides substantial benefits to all participants in and beneficiaries under the Plan as compared to the risks, costs, and delays of proceeding with this litigation against Defendants.

**Identification of Settlement Administrator and Class Counsel:** The Settlement Administrator is Dahl Administration. **However, all questions regarding the Settlement should be directed to Class Counsel.** Please contact: Mary Bortscheller or Scott M. Lempert, Cohen Milstein Sellers & Toll PLLC, 1100 New York Avenue, N.W., Suite 500, West Tower, Washington, D.C. 20005; or Lynn Lincoln Sarko, Keller Rohrback L.L.P., 1201 Third Avenue, Suite 3200, Seattle, WA 98101-3052 or Ron Kilgard, Keller Rohrback L.L.P., 3101 North Central Ave., Suite 1400, Phoenix, AZ 85012.

Class Counsel has established a toll-free number, 1-800-290-3132, if you have questions or comments. Class Counsel may also be contacted via email at StJosephsSettlement@cohenmilstein.com. Please do not contact the Court. Its personnel will not be able to answer your questions.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| ACTIONS YOU MAY TAKE IN THE SETTLEMENT ||
|---|---|
| NO ACTION IS NECESSARY. | If you do not wish to object to the Settlement, you do not need to do anything. |
| YOU CAN OBJECT NO LATER THAN FEBRUARY 6, 2018. | If you wish to object to any part of the Settlement, you can write to the Court and explain why you do not like the Settlement. |
| YOU CAN GO TO THE HEARING ON MARCH 6, 2018 BY FILING A NOTICE OF INTENTION TO APPEAR NO LATER THAN FEBRUARY 12, 2018. | If you have submitted a written objection to the Court, you can ask to speak in Court about the fairness of the Settlement. You may enter your appearance in Court through an attorney if you so desire. |

## WHAT THIS NOTICE CONTAINS

**Summary of Settlement**..................................................................................................................4

**Basic Information** ..........................................................................................................................5
    1.  Why did I get this Notice package? ........................................................................................5
    2.  How do I know whether I am part of the Settlement? ............................................................6
    3.  What does the Settlement provide? .........................................................................................6
    4.  What happens if a contingency "carve out" is triggered?
        When does the Settlement Agreement terminate? ..................................................................6
    5.  What is the lawsuit about? What has happened so far? ..........................................................6
    6.  Why is this case a class action? ..............................................................................................7
    7.  Why is there a Settlement? .....................................................................................................7
    8.  How will the Settlement be distributed? .................................................................................7
    9.  What rights am I giving up in the Settlement? .......................................................................8
    10. Can I exclude myself from the Settlement? ............................................................................8

**The Lawyers Representing You** ..................................................................................................8
    11. Do I have a lawyer in the case? ..............................................................................................8
    12. How will the lawyers be paid? ................................................................................................8

**Objecting to the Settlement** .........................................................................................................8
    13. How do I tell the Court if I don't like the Settlement? ...........................................................8

**The Court's Fairness Hearing** ....................................................................................................9
    14. When and where will the Court decide whether to approve the Settlement? ........................9
    15. Do I have to come to the hearing? ........................................................................................10
    16. May I speak at the hearing? ..................................................................................................10

**If You Do Nothing** ......................................................................................................................10
    17. What happens if I do nothing at all? .....................................................................................10

**Getting More Information** ........................................................................................................10
    18. How do I get more information? ..........................................................................................10

The case was filed in federal district court in New Jersey against St. Joseph's Hospital and Medical Center and subsidiaries, and the various other defendants named in the complaint (collectively, the "Defendants"). The Named Plaintiff and Defendants collectively are referred to herein as the "Parties."

A copy of the Class Action Complaint ("Complaint") and other documents relevant to this Settlement are available at http://www.cohenmilstein.com/saintjosephs-settlement or http://kellersettlements.com.

## SUMMARY OF SETTLEMENT

The Settlement Class includes all vested or non-vested present and past participants and beneficiaries in the Plan as of the Effective Date of Settlement. The Settlement provides specific monetary and non-monetary benefits to the Settlement Class.

The Settlement requires that St. Joseph's make a $42,500,000.00 cash contribution to the Plan. Defendants have made a $45 million cash contribution to the Plan already, fully satisfying that monetary requirement of this settlement. St. Joseph's also guarantees that, for a period of seven years commencing after the Settlement Agreement becomes final, if the assets in the Plan's trust are ever insufficient to pay accrued benefits, St. Joseph's will make sufficient contributions to the trust to ensure all accrued benefits are paid. The Settlement Agreement also provides that for seven years, any amendment or termination of the Plan cannot reduce participants' accrued benefits. Likewise, for the next seven years, if the Plan is ever merged with or into another plan, participants will be entitled to the same or greater benefits than they were before the merger. The Settlement also includes equitable provisions which mimic certain provisions of ERISA concerning plan administration, summary plan descriptions, notices (annual summaries, pension benefits statements, current benefit values), and the Plan's claim review procedure. These provisions also are in place for the next seven years.

Additionally, the Parties acknowledge that a ruling on ERISA's church plan exemption by a court of law or the Internal Revenue Service ("IRS"), or action by the United States Congress or the Roman Catholic Church, is possible in the future. Mindful of these possibilities, Plaintiff and Class Counsel sought to best protect the Settlement Class by allowing the Class to get the benefit of certain potential developments in the litigation landscape which would positively impact the Class's claims. These benefits are reflected in the release provision of the Settlement Agreement, which contains a series of specific carve outs that would be triggered by any one of the five possible contingencies, and would allow class members to pursue claims for relief arising under ERISA with respect to any event occurring after:

- the IRS issues a written ruling that the Plan does not qualify as a Church Plan under the Internal Revenue Code;
- St. Joseph's elects for the Plan to be covered by ERISA;
- A court of law issues a definitive ruling that the Plan is not a Church Plan;
- the Roman Catholic Church ceases to claim any association with St. Joseph's; or
- an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the Church Plan exemption.

See Sections 3.1.5 – 3.1.9 of the Settlement Agreement; see also Answer to Question #4, "**What happens if a contingency 'carve out' is triggered?**" below.

Notably, Plaintiff and the entire Settlement Class will be in the same or better position with respect to their prospective benefits under the Plan, regardless of whether the contingent carve outs are triggered. In other words, the contingencies could only positively impact the prospective rights of the Plaintiff and the Settlement Class as the occurrence of any one of them may require church-affiliated hospitals that establish church plans to comply with ERISA.

As with any litigation, the Parties would face an uncertain outcome if the case were to continue. Continued litigation of this case against the Defendants may result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or result in no recovery at all. Throughout the litigation, Plaintiff and Defendants have disagreed on both liability and damages. Defendants, among other things, (1) maintain that the Plan has been and

continues to be properly administered as a Church Plan under the Plan's terms and as defined in ERISA § 3(33), and is exempt from coverage under ERISA; therefore, the Defendants deny any and all liability to the Plaintiff, members of the Settlement Class and the Plan, and deny any and all allegations of wrongdoing.

Class Counsel, among other things, (1) have conducted an extensive investigation into the facts, circumstances, and legal issues associated with the allegations made in this case; (2) believe, based on the risks of litigation, the time necessary to achieve a complete resolution through litigation, the complexity of the claims set forth in the Complaint, and the benefit accruing to the Plan's participants and beneficiaries under the Settlement, that the Settlement will provide a benefit to the Settlement Class, and that, when that benefit is weighed against the risks of continuing the prosecution of the case, the Settlement represents a reasonable, fair, and adequate resolution of the claims of the Settlement Class; and (3) believe that the Settlement will provide the Settlement Class with the bulk of the protections they would have received if the case had been litigated to a conclusion and Plaintiff had prevailed.

Defendants have denied, and continue to deny, the validity of any and all claims asserted in the Complaint. The Settlement is not evidence of liability of any type. Plaintiff denies any and all theories of defense asserted in Defendants' Motion to Dismiss. Nevertheless, the Parties have taken into account the uncertainty and risks inherent in the litigation of the case, particularly their complex nature, and have concluded that it is desirable that the case be fully and finally settled on the terms and conditions set forth in the Settlement Agreement, solely to avoid further risk, cost, expense, and time associated with litigation.

Visit http://www.cohenmilstein.com/saintjosephs-settlement or http://kellersettlements.com if you have additional questions.

## BASIC INFORMATION

**1.     Why did I get this Notice package?**

Either you or someone in your family may have been a participant in or beneficiary of the Plan during the Class Period. The Court has directed that this Notice be sent to you because, as a potential member of the Settlement Class, you have a right to know about the proposed Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and all related objections and appeals are favorably resolved, the Defendants will provide specific monetary and non-monetary relief to the Class, as described in detail in Section 3 of this Notice and Sections 7 and 8 of the Settlement Agreement. This includes the aggregate contribution of $42.5 million to the Plan (Defendants have satisfied this settlement requirement by making a $45 million cash contribution to the Plan following the agreement to settle), as well as other specific monetary and non-monetary relief.

This Notice explains the case, the Settlement, and your legal rights. An additional purpose of this Notice is to inform you of a hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, and to consider the application of Class Counsel for their attorneys' fees and reimbursement of litigation expenses, as well as an application for incentive awards for Named Plaintiffs.

The Fairness Hearing will be held at 11:00 a.m. on March 6, 2018 before the Honorable John Michael Vasquez in the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, to determine:

- (a) Whether the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;
- (b) Whether final judgment approving the Settlement Agreement should be entered;
- (c) Whether the Settlement Class should be certified as a mandatory non-opt-out class meeting the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23;
- (d) Whether the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the Class Notice to members of the Settlement Class;
- (e) Whether the requirements of the Class Action Fairness Act have been satisfied;
- (f) Whether to grant Incentive Awards to the Named Plaintiffs, and, if so, the amounts; and

    (g)    Whether to award attorneys' fees and litigation expenses to counsel who represent members of the Settlement Class and, if so, the amounts.

The issuance of this Notice is not an expression of the Court's opinion on the merits of any claim in this case, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, the payments by Defendants described above will be made after all related appeals, if any, are favorably resolved. (However, as noted above, Defendants have already made a $45 million contribution to the Plan). It is always uncertain whether such appeals can be favorably resolved, and resolving them can take time, perhaps more than a year.

## 2. How do I know whether I am part of the Settlement?

The Court has certified this case as a class action for settlement purposes only. You are a member of the Settlement Class if you are or were, on or before the date this Settlement becomes effective, a vested or non-vested participant in or beneficiary of the St. Joseph's Healthcare System Pension Plan.

## 3. What does the Settlement provide?

The Settlement provides specific monetary and non-monetary benefits to the Settlement Class.

This Settlement provides substantial monetary consideration which will improve the retirement security of all Plan participants and beneficiaries. Specifically, pursuant to the proposed Settlement, Defendants agreed to contribute $42.5 million to the Plan and have already contributed $45 million, fully satisfying this settlement obligation.

In addition to monetary consideration, under the terms of the Settlement, St. Joseph's also guarantees that, for a period of seven years commencing after the Settlement Agreement becomes final, if the assets in the Plan's trust are ever insufficient to pay accrued benefits, St. Joseph's must make sufficient contributions to the trust to ensure all accrued benefits are paid. The Settlement Agreement also provides that for seven years, any amendment or termination of the Plan cannot reduce participants' accrued benefits. Likewise, for the next seven years, if the Plan is ever merged with or into another plan, participants will be entitled to the same or greater benefits than they were before the merger.

The Settlement also includes equitable provisions which mimic certain provisions of ERISA concerning plan administration, summary plan descriptions, notices (annual summaries, pension benefits statements, current benefit values), and the Plan's claim review procedure. These provisions also are in place for the next seven years.

The above description of the operation of the Settlement is only a summary. The governing provisions are set forth in the Settlement Agreement, which is available at http://www.cohenmilstein.com/saintjosephs-settlement or http://kellersettlements.com.

## 4. What happens if a contingency "carve out" is triggered? When does the Settlement Agreement terminate?

The carve outs provided for in the Settlement Agreement serve to better protect the Settlement Class in the event that the Plan may no longer be exempt from ERISA under the Church Plan exemption. This may happen in several different ways: (1) the IRS issues a ruling that the Plan is NOT a Church Plan; (2) the Plan Sponsor elects to be governed by ERISA; (3) a court of law issues a definitive ruling that the Plan is not a Church Plan; (4) the Roman Catholic Church disassociates itself from St. Joseph's; or (5) an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the Church Plan exemption. If any of these five situations occurs, the Settlement Agreement does not release any future claims that the Class would have arising under ERISA. If the Plan becomes subject to ERISA during the duration of this Settlement Agreement, Defendants' obligations under the Settlement with respect to such Plan shall end. In that instance, the Plan and the Class would be entitled to all of the protections of the ERISA statute.

## 5. What is the lawsuit about? What has happened so far?

On May 13, 2016, a putative class action complaint was filed in the United States District Court for the District of New Jersey against St. Joseph's, alleging violations of ERISA. Specifically, the complaint alleged that St. Joseph's denied the Plan's participants and beneficiaries the protections of ERISA by claiming that the Plan qualified as an

ERISA-exempt "Church Plan." The complaint also alleged that the Plan sponsored by St. Joseph's—a non-profit Catholic healthcare provider—did not qualify as an ERISA-exempt Church Plan.

Defendants have maintained throughout the case that the Plan qualifies as a valid Church Plan exempt from the requirements of ERISA and deny all allegations of wrongdoing in the lawsuit. The Parties agreed to engage in settlement negotiations facilitated by a neutral, third-party mediator in the spring of 2017. On May 24 2017, the Parties participated in an in-person mediation session with the mediator, followed by ongoing negotiations by telephone and email over the course of the next few weeks. This process led to the Settlement Agreement, signed by both Parties on July 20, 2017.

At the same time as the Parties negotiated this Settlement, the United States Supreme Court was considering a similar church plan case which addressed whether, as Plaintiff alleged here, a church plan must be established by a church in order to qualify as an ERISA-exempt church plan. The Supreme Court held argument in that case on March 27, 2017, and a decision from the Supreme Court was pending in May and June of 2017. Therefore, the interpretation of the ERISA church plan provision – specifically, whether a church plan claiming an exemption from ERISA must be established by a church – was uncertain when the Parties negotiated the Settlement. Just days after a term sheet setting forth the central terms of the Settlement was signed by all Parties, the Supreme Court issued its decision, holding that church plans need **not** be established by churches in order to qualify as ERISA-exempt plans. That decision effectively eliminated Plaintiff's argument here that only a church may establish a church plan. Though Plaintiff advances other strong arguments and theories not decided by the Supreme Court's opinion, it nevertheless is true that Plaintiff's case was negatively impacted by that decision.

The Settlement is the product of intensive, arm's-length negotiations between Class Counsel and Defendants' Counsel, with the assistance of an experienced third-party mediator.

### 6. Why is this case a class action?

In a class action, one or more plaintiffs, called "Named Plaintiffs," sue on behalf of people who have similar claims. In this ERISA class action, the Named Plaintiffs are seeking relief on behalf of the Plan and all participants and beneficiaries of that Plan. All of the individuals on whose behalf the Named Plaintiffs in this case are suing are "Class members," and they are also referred to in this Notice as members of the Settlement Class. The Court resolves the issues for all Class members. The Honorable John Michael Vazquez, United States District Judge, is presiding over this case.

In this case, the Named Plaintiffs are Donna Garbaccio, Mary Lynne Barker, Anne Marie Dalio and Dorothy Flar – this includes the named plaintiffs from the *Barker v. St. Joseph's Healthcare System, Inc.*, No. 2:16-cv-02748 (D.N.J.) case, a second case filed against St. Joseph's making the same allegations. The Court consolidated the two cases and ordered Class Counsel to draft a Master Consolidated Complaint which would have listed Plaintiffs Garbaccio, Barker, Dalio and Flar as Named Plaintiffs. The Court has appointed each as Named Plaintiffs for purposes of this Settlement.

### 7. Why is there a Settlement?

Under the proposed Settlement, the Court will not decide the merits of the case in favor of either the Plaintiff or the Defendants. By agreeing to a Settlement, both the Plaintiff and the Defendants avoid the costs, risks, and delays of litigating the Action.

This Settlement is the product of extensive arm's-length negotiations between Class Counsel and the Defendants' Counsel, including utilizing the services of an experienced mediator. Class Counsel believes that the proposed Settlement is fair, reasonable, and adequate, and in the best interest of the Class.

### 8. How will the Settlement be distributed?

Because the Plan is a defined benefit pension plan and not a defined contribution plan with individual accounts, like a 403(b) plan or 401(k) plan, *the cash amount will be contributed to the Plan as a whole, rather than to individual Plan participants and beneficiaries*. <u>Your pension benefit will not increase as a result of the Settlement.</u> You will remain entitled to the benefit you have accrued pursuant to the Plan's terms. The Settlement also provides significant non-monetary equitable consideration, in that current participants in the Plan will receive certain ERISA-like financial and administrative protections for the next seven years.

Members of the Settlement Class do not need to do anything in order to obtain the benefits and protections provided by the Settlement in this case. Defendants are obligated to contribute an aggregate amount of $42.5 million to the

Plan by no later than September 20, 2017.[1] Additionally, in its sole discretion, Defendants may make additional contributions to the Plan at any time.

**9.     What rights am I giving up in the Settlement?**

If the Settlement is approved, the Court will enter a judgment. Subject to the carve outs described in this Notice, this judgment will fully, finally, and forever release, relinquish, and discharge all actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses, and costs arising out of the allegations of the Class Action Complaint that were brought or could have been brought as of the date of the Settlement Agreement by any member of the Settlement Class, including any current or prospective challenge to the "Church Plan" status of the Plan. See Section 3 of the Settlement Agreement, available at http://www.cohenmilstein.com/saintjosephs-settlement or http://kellersettlements.com.

**10.    Can I exclude myself from the Settlement?**

You do not have the right to exclude yourself from the Settlement. For settlement purposes, the Class was certified under Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) (non-opt-out class) because the Court determined the requirements of that rule were satisfied. Thus, it is not possible for any of the members of the Settlement Class to exclude themselves from the Settlement. As a member of the Settlement Class, you will be bound by any judgments or orders that are entered in the case for all claims that were or could have been asserted in the case against the Defendants or are otherwise included in the release under the Settlement.

Although members of the Settlement Class cannot opt out of the Settlement, they can object to the Settlement and ask the Court not to approve the Settlement.

## THE LAWYERS REPRESENTING YOU

**11.    Do I have a lawyer in the case?**

The law firms of Cohen Milstein Sellers & Toll PLLC, and Keller Rohrback, L.L.P. represent Plaintiff and the Settlement Class ("Class Counsel"). Other law firms also represented other Named Plaintiffs at earlier stages of the case. You will not be charged by any lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**12.    How will the lawyers be paid?**

At the Fairness Hearing, Class Counsel will apply for an award of attorneys' fees, expenses, and incentive awards of $10,000 to each of the Named Plaintiffs. Such application for attorneys' fees, expenses, and incentive awards will not exceed $2,500,000; this amount will be paid entirely by Defendants. See Section 7.1.3 of the Settlement Agreement. The attorneys' fees are separate from the $45 million contribution made already to the Plan. In other words, any payment of attorneys' fees, expenses, and incentive awards to Named Plaintiffs will not reduce the contribution already paid to the Plan.

To date, Class Counsel have not received any payment for their services in prosecuting this case on behalf of the Settlement Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses. The fees requested by Class Counsel would compensate Class Counsel for their efforts in achieving the Settlement for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis. The Court will determine the actual amount of the award.

## OBJECTING TO THE SETTLEMENT

**13.    How do I tell the Court if I don't like the Settlement?**

Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the application for payment of attorneys' fees and expenses, or to the application for incentive awards for Named Plaintiffs, may file an "Objection" in writing. If you wish to file an Objection, the written Objection and supporting papers must: (1) clearly identify the case name and number "*Garbaccio v. St. Joseph's Hospital and Medical Center and Subsidiaries*, Case No. 2:16-cv-02740(JMV)(JBC)";

---

[1] As of July 31, 2017, Defendants have contributed $45 million to the Plan, in satisfaction of their obligation under the Settlement terms.

(2) be filed with the Court and postmarked and mailed to Class Counsel and Defendants' Counsel at the addresses below on or before twenty-eight (28) days before the Fairness Hearing; (3) set forth your full name, current address, and telephone number; (4) set forth a statement of the position you wish to assert, including the factual and legal grounds for the position; (5) set forth the names and a summary of testimony of any witnesses that you might want to call in connection with the Objection; (6) provide copies of all documents that you wish to submit in support of your position; (7) provide the name(s), address(es) and phone number(s) of any attorney(s) representing you; (8) state the name, court, and docket number of any class action litigation in which you and/or your attorney(s) has previously appeared as an objector or provided legal assistance with respect to an objection; and (9) include your signature.

The addresses for filing Objections with the Court and service on counsel are listed below. **Your written Objection must be filed with the Court, and mailed to the counsel listed below, postmarked (or sent via fax) by no later than February 6, 2017:**

**File with the Clerk of the Court:**

> Clerk of the Court
> United States District Court
> District of New Jersey
> Martin Luther King Building
> & U.S. Courthouse
> 50 Walnut Street
> Room 4015
> Newark, NJ 07101

**And, by the same date, serve copies of all such papers by mail and fax to each of the following:**

CLASS COUNSEL:
Karen Handorf
Scott Lempert
Mary Bortscheller
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W. Suite 500
Washington, D.C. 20005
Fax: (202) 408-4699

Lynn Lincoln Sarko
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Fax: (206) 623-3384

Ron Kilgard
KELLER ROHRBACK L.L.P.
3101 North Central Ave., Suite 1400
Phoenix, AZ 85012
Fax: (602) 248-2822

DEFENDANTS' COUNSEL:
Howard Shapiro
Stacey C.S. Cerrone
PROSKAUER ROSE LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130
Fax: (504) 310-2022

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY MEMBER OF THE SETTLEMENT CLASS WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS TO THE NAMED PLAINTIFFS.**

## THE COURT'S FAIRNESS HEARING

**14.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at 11:00 a.m. on March 6, 2018, at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101.

**IF YOU DO NOT WISH TO OBJECT TO THE PROPOSED SETTLEMENT OR THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS TO THE NAMED PLAINTIFFS, YOU DO NOT NEED TO ATTEND THE FAIRNESS HEARING.**

At the hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses and incentive awards to the Named Plaintiffs. We do not know how long these decisions will take.

**15.    Do I have to come to the hearing?**

No. Class Counsel will answer any questions Judge Vazquez may have. You are welcome to come at your own expense. If you send an Objection, you do not have to come to Court to talk about it. As long as you mailed your written Objection on time, it will be before the Court when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. At your own expense, you may also have your own lawyer attend the Fairness Hearing, but such attendance is not necessary.

**16.    May I speak at the hearing?**

If you are a member of the Settlement Class and you have filed a timely Objection, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in '*Garbaccio v. St. Joseph's Hospital and Medical Center and Subsidiaries*, Case No. 2:16-cv-02740(JMV)(JBC).'" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be served on the attorneys listed above, postmarked and sent via facsimile no later than February 12, 2018, and must be filed with the Clerk of the Court, postmarked no later than February 12, 2018.

The Fairness Hearing may be delayed by the Court without further notice to the Class. If you wish to attend the Fairness Hearing, you should confirm the date and time with a member of Class Counsel.

## IF YOU DO NOTHING

**17.    What happens if I do nothing at all?**

If you do nothing and you are a Class member, you will participate in the Settlement as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

**18.    How do I get more information?**

This Notice summarizes the proposed Settlement. Full details of the Settlement are set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to a member of Class Counsel listed above under item 13. Copies of the Settlement Agreement, as well as the Preliminary Motion seeking preliminary approval of the Settlement Agreement, and the Preliminary Approval Order, may also be viewed at http://www.cohenmilstein.com/saintjosephs-settlement or http://kellersettlements.com.

DATED:      November 3, 2017                                   By Order of the Court
                                                               Hon. John Michael Vazquez
                                                               United State District Judge