# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA GARBACCIO, individually and on behalf of all others similarly situated, | ) |
| | ) |
| | ) Civil Action |
| | ) |
| Plaintiff, | ) No. 2:16-cv-02740(JMV)(JBC) |
| | ) |
| v. | ) |
| | ) Honorable John Michael Vazquez |
| ST. JOSEPH'S HOSPITAL AND | ) United States District Judge |
| MEDICAL CENTER AND | ) |
| SUBSIDIARIES, *et al.*, | ) Honorable James B. Clark |
| | ) United States Magistrate Judge |
| Defendants. | ) |
| | ) CLASS ACTION |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This litigation involves the claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), set forth in Plaintiffs' Class Action Complaint dated May 13, 2016, with respect to the St. Joseph's Hospital and Medical Center Pension Plan (the "Plan").[1]

---

[1] This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement are fully incorporated in this Judgment as if set forth fully herein.

The Court previously entered an Order Preliminarily Approving the Settlement ("Preliminary Approval Order") dated October 5, 2017, preliminarily certifying the putative class in this Action for settlement purposes, ordering a Class Notice to be mailed and published on the internet, scheduling a Fairness Hearing for March 6, 2018 at 11:00 a.m., and providing the members of the Settlement Class (as defined below) with an opportunity to object to the proposed settlement.

This Court held a Fairness Hearing on March 6, 2018 at 11:00 a.m., to determine whether to give final approval to the proposed settlement.

Due and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered the Settlement Agreement, all papers filed and proceedings held herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all members of the Settlement Class.

2. The Class this Court previously certified preliminarily in its Preliminary Approval Order is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2). The "Settlement Class" is defined as:

All present and former participants (vested or nonvested) or beneficiaries of the Plan as of the Effective Date of Settlement.

3.     The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure 23(a) for certification of the class claims alleged in the Complaint, including (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of the class representatives and class counsel.

4.     Additionally, the prerequisites of Rule 23(b)(1) have been satisfied, since the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants; and (ii) adjudications with respect to individual Settlement Class members, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

5.     Alternatively, the prerequisites of Rule 23(b)(2) have been satisfied, since Defendants have acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Class as a whole.

6.     Pursuant to Federal Rule of Civil Procedure 23(a), the Court finds that Plaintiffs Donna Garbaccio, Mary Lynne Barker, Anne Marie Dalio, and Dorothy Flar ("Named Plaintiffs") are members of the Settlement Class, their claims are typical of those of the Settlement Class and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in this Action. Accordingly, the Court hereby appoints Donna Garbaccio, Mary Lynne Barker, Anne Marie Dalio, and Dorothy Flar as Settlement Class representatives.

7.     Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Cohen Milstein Sellers & Toll PLLC and Keller Rohrback L.L.P. have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Cohen Milstein Sellers & Toll PLLC and Keller Rohrback L.L.P., as "Class Counsel" to represent the members of the Settlement Class.

8.     The appointment of Class Counsel and the appointment of the Named Plaintiffs as Settlement Class representatives are fully and finally confirmed.

9.     The Court directed that Class Notice be given pursuant to the Notice Program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed Notice Program: (1) On or about November 5, 2017, Class Counsel posted the Settlement Agreement    and    Class    Notice    to    the    Settlement    website:

4

http://www.cohenmilstein.com/st-josephs-settlement                     and

www.kellersettlements.com; and (2) on or about November 3, 2017, the Settlement

Administrator, Dahl Administration, mailed in excess of 10,798 copies of the

Notice of Class Action Settlement to members of the Settlement Class.

10.   The Class Notice advised members of the Settlement Class of: (a) the

terms of the Settlement; (b) the Final Fairness Hearing and the right to appear at

such Final Fairness Hearing; (c) the inability to opt out of the Settlement Class; (d)

the right to object to the Settlement, which includes the right to object to the

substantive Settlement terms, the application for an award of attorneys' fees and

reimbursement of expenses, or the incentive awards to Donna Garbaccio, Mary

Lynne Barker, Anne Marie Dalio, and Dorothy Flar as Class Representatives; (e)

the procedures for exercising such rights; and (f) the binding effect of this

Judgment, whether favorable or unfavorable, on the Settlement Class, including the

scope of the Released Claims described in § 3.1 of the Settlement Agreement.

11.   The Notice Program met all applicable requirements of the Federal

Rules of Civil Procedure, the United States Code, the United States Constitution,

28 U.S.C. § 1715, and any other applicable law. The Court further finds that the

Notice Program approved by the Court complied fully with the Class Action

Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and that it constituted the best

practicable notice under the circumstances. The Court further finds that the form of

Notice was concise, clear, and in plain, easily understood language, and was reasonably calculated to apprise of: (a) the pendency of the Action; (b) the claims, issues and defenses of the Settlement Class; (c) the definition of the Settlement Class certified; (d) the right to object to the proposed Settlement, or the application for an award of attorneys' fees and reimbursement of expenses, or the incentive awards to Donna Garbaccio, Mary Lynne Barker, Anne Marie Dalio, and Dorothy Flar as Class Representatives; (e) the right to appear at the Final Fairness Hearing, through counsel if desired; and (f) the binding effect of a judgment on members of the Settlement Class, including the scope of the Released Claims described in § 3.1 of the Settlement Agreement.

12.     The Court finds after the Fairness Hearing, and based upon all submissions of the Parties and interested persons, that the Parties' proposed Settlement is fair, reasonable, and adequate. The Court also finds that the proposed Settlement is consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, and the United States Constitution, and other applicable law. In so finding, the Court has considered and found that:

a)     The Settlement provides for a significant monetary contribution to the Plan, as well as Plan administrative provisions which will enhance the retirement security of the members of the Settlement Class.

b)     The terms and provisions of the Settlement were entered into by experienced counsel and only after extensive, arm's-length negotiations conducted in good faith and with the assistance of an experienced third party mediator, Mr. Robert A. Meyer, Esq.  The Settlement is not the result of collusion.

c)     The negotiations were supported by a robust investigation before commencement of the Action; the production and review of confidential documents protected by Fed. R. Evid. 408 during mediation discovery; and the U.S. Supreme Court's decision on statutory issues in this case.  The absence of formal discovery in this case in no way undermines the integrity of the Settlement given the extensive investigation that has occurred as a result of proceedings thus far.

d)     Approval of the Settlement will result in substantial savings of time, money and effort for the Court and the Parties, and will further the interests of justice. Defendants denied and continue to deny Plaintiffs' claims and allegations, and raised various factual and legal arguments in support of their vigorous defense in this Action.

13.     All members of the Settlement Class are bound by this Judgment and by the terms of the Settlement, including the scope of the Released Claims described in § 3.1 of the Settlement Agreement.

14.     This Settlement, this Judgment, and/or the fact of Settlement do not constitute an admission by any of the Parties of any liability, wrongdoing, or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action. If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Settlement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission by any party of any fact, matter, or position of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

15.     "Releasees" shall mean St. Joseph's Healthcare System, all entities that are considered to be part of a single employer controlled group under Internal Revenue Code § 414, their employees, agents and directors, including any individuals and/or Defendants.

16.     "Released Claims" shall mean any and all claims, actual or potential claims, actions, causes of action, demands, obligations, liabilities, attorneys' fees, expenses and costs under federal or state laws arising out of the allegations of the

Complaint that were brought or could have been brought as of the date of the Settlement Agreement, including any current or prospective challenge to the "Church Plan" status of the Plan, whether or not such claims are accrued, whether already acquired or subsequently acquired, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise. Plaintiffs, on behalf of themselves and on behalf of the Settlement Class, hereby expressly waive and relinquish, to the fullest extent permitted by law and equity, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

17.     Released Claims shall not include the release of any rights or duties arising out of the Settlement Agreement, including the express warranties and covenants in the Settlement Agreement, individual state law claims for benefits pursuant to the Plan's documents, claims related to any other plan that is merged, adopted, or consolidated into the Plan after the execution date of the term sheet, or following the expiration of the period set forth in 29 U.S.C. § 1002(33)(D)(iii), any claim arising under ERISA solely for any act, error, omission, or event committed or occurring entirely after the Internal Revenue Service issues a written

ruling that the Plan does not qualify as a Church Plan; any claim arising under ERISA after the Plan Sponsor elects to be governed by ERISA, any claim arising under ERISA after a court of law issues a final, non-appealable ruling that the Plan is not a Church Plan; any claim arising under ERISA after the Roman Catholic Church claims no association with the Plan's Sponsor; or any claim arising under ERISA after an amendment to ERISA is enacted and becomes effective as a law of the United States eliminating the Church Plan exemption.

18.    It is further ordered that as of the Effective Date of the Settlement Agreement Named Plaintiffs on behalf of themselves and on behalf of the Settlement Class absolutely and unconditionally release and forever discharge the Releasees from any and all Released Claims that the Plaintiffs or the Settlement Class have, as defined in the Settlement Agreement.   The Settlement Class covenants and agrees: (i) not to file against any of the Releasees any claim based on, related to, or arising from any Released Claim; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such claim against any Releasee.

19.    It is further ordered that as of the Effective Date of the Settlement Agreement, Defendants absolutely and unconditionally release and forever discharge the Named Plaintiffs, the Settlement Class, and Class Counsel from any and all claims relating to the institution or prosecution of the Action.

20.    It is further ordered that as of the Effective Date of the Settlement

Agreement, each of the Releasees also releases each of the other Releasees from

any and all Claims which were asserted in the Complaint or any pleading which

would have been required to be filed in the Action or that would be barred by

principles of res judicata or collateral estoppel had the claims asserted in the

Complaint or any such other pleading in the Action been fully litigated and

resulted in a Final judgment or order.

21.    Class Counsel is hereby awarded attorneys' fees pursuant to Federal

Rule of Civil Procedure 23(h), in the amount of $ 2,425,863.95 which the Court

finds to be fair and reasonable, and $ 34,136.05 in reimbursement of Class

Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys'

fees and expenses so awarded shall be paid by Defendants, pursuant to the terms of

the Settlement Agreement. All fees and expenses paid to Class Counsel shall be

paid pursuant to the timing requirements described in the Settlement Agreement.

22.    Named Plaintiffs Donna Garbaccio, Mary Lynne Barker, Anne Marie

Dalio, and Dorothy Flar are hereby awarded Incentive Awards in the amount of

$ 10,000.00 each, which the Court finds to be fair and reasonable. The Incentive

Awards shall be paid by Defendants pursuant to the terms of the Settlement

Agreement.

23.     The Court retains jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

24.     The Court hereby dismisses with prejudice the Action and all Released Claims identified in § 3.1 of the Settlement against each and all Released Parties and without costs to any of the Parties as against the others, except to the extent any costs are included in the Court's award of expenses in paragraph 21 hereof.

25.     The Court finds that no reason exists for delay in ordering final judgment, and the Clerk is hereby directed to enter this Judgment forthwith.

* DATED this _6th_ day of _MArch_, 2018.

_____
Judge John Michael Vazquez
UNITED STATES DISTRICT JUDGE
DISTRICT OF NEW JERSEY

* the Clerk's Office shall close this matter. If any party seeks relief pursuant to paragraph 23, the party may do so by filing a letter request on the docket.

12